1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON, | 1:11-cv-00788 AWI GSA PC |
|        Plaintiff, | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS |
|   v. | ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| DAVID TRISTAN, et al., | (ECF No. 11) |
|       Defendants. | ORDER VACATING ORDER DIRECTING CDCR TO COLLECT FILING FEE PAYMENTS FOR THIS ACTION (ECF No. 11) |
| | ORDER DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL |
| | ORDER FOR CLERK TO CLOSE CASE |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 2, 2011. (ECF No. 1) On October 4, 2011, Plaintiff submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 10) On October 5, 2011, the Court granted Plaintiff's application. (ECF No. 11.)

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

1

1   prisoner is under imminent danger of serious physical injury." Plaintiff is subject to Section 1915(g)

2   and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed,

3   under imminent danger of serious physical injury.[1]

4         Plaintiff filed this action, naming as defendants 68 individuals and Does 1-100.   The

5   complaint is 100 pages in length, and sets forth a long list of allegations of conduct by correctional

6   officials.   All of the alleged conduct occurred in 2003.   Plaintiff alleges that various defendants

7   engaged in the following conduct: retaliatory transfers; deprivation of personal property; denial of

8   access to the courts; retaliation for filing inmate grievances; deprivation of legal property; improper

9   clothed body searches; religious discrimination; retaliation for advocacy on behalf of other inmates;

10  obstruction of mail; cell searches; contamination of food; excessive force; inadequate medical

11  treatment; employee sexual misconduct.

12        In his statement of legal claims, Plaintiff articulates the following separate legal claims:

13  retaliation; conspiracy; excessive force; deliberate indifference; cruel and unusual punishment;

14  slavery; unlawful search; ADA retaliation; procedural due process; deprivation of access to the

15  courts; state created danger; denial of the free exercise of religious belief.   The Court has reviewed

16  Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception.  Andrews

17  v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).   Plaintiff alleges no facts supporting a finding

18  that he is under imminent danger of serious physical injury. Further, all of the conduct alleged in the

19  complaint occurred in 2003.   Plaintiff is therefore ineligible to proceed in forma pauperis in this

20  action.

21        The court finds that the "three strikes" provision of Section 1915(g) requires the court to

22  dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee because

23  Section 1915(g) states in "no event shall a prisoner **bring** a civil action.  Dupree v. Palmer, 284 F.3d

24  1234, 1236 (11th Cir. 2002); Richards v. Spain, 2012 WL 163809, at *1 (E.D. Mich. Jan 19, 2012);

25  Holz v. McFadden, 2011 WL 2882562, *3 (C.D.Cal. Jun 27, 2011); Bell v. Dileo, 2011 WL

26

27        [1] The Court takes judicial notice of case numbers 1:94-cv-05022 OWW DLB PC, Hamilton v. Showengerdt
    (E.D. Cal.) (dismissed 12/18/1997 as frivolous); C 02-5602 SBA (PR), Hamilton v. Hernandez, (N.D.
    Cal.)(dismissed 11/20/09 for failure to state a claim); 2:02-cv-0635 WBS PAN PC, Hamilton v. Ehle, (E.D. Cal.)
28  (dismissed 09/05/02 for failure to state a claim).

1327711, at *4 (E.D.Cal. April 5, 2011); Stephens v. Rivera, 2011 WL 666780, *1-*2 (E.D.Cal. Feb. 10, 2011); Whitehurst v. Showtime Networks, Inc., 2006 WL 1444393, *4 (E.D.Tex.  May 24, 2006); Fields v. Gilmore, 145 F.Supp.2d 961, 962 (C.D.Ill. 2001); see also In re Alea, 286 F.3d 378, 380-81 (6th Cir.  2002).

    Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's in forma pauperis in this action is REVOKED;

2.    The Court's order granting Plaintiff's application to proceed in forma pauperis, entered on October 4, 2011, is VACATED;

3.    The Court's order directing payment of the inmate filing fee by the CDCR, entered on October 5, 2011, is VACATED;

4.    This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full;

5.    The Clerk of the Court is directed to CLOSE this case; and

6.    The Clerk of the Court is directed to SERVE a copy of this order on the Director of the CDCR, via the Court's electronic case filing system.

IT IS SO ORDERED.

Dated:   February 4, 2012   

_____
CHIEF UNITED STATES DISTRICT JUDGE