# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON, | 1:11-cv-00788-AWI-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| DAVID TRISTAN, et al., | (Doc. 14.) |
| Defendants. | |

**I.   BACKGROUND**

George Hamilton ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 2, 2011. (Doc. 1.) On February 6, 2012, the Court revoked Plaintiff's in forma pauperis status pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) and dismissed this action without prejudice to refiling the case with submission of the $350.00 filing fee in full. (Doc. 12.) On February 21, 2012, Plaintiff a motion for reconsideration of the Court's order. (Doc. 14.)

**II.   MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must

1

1  demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks
2  and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
3  to show "what new or different facts or circumstances are claimed to exist which did not exist or
4  were not shown upon such prior motion, or what other grounds exist for the motion."

5  "A motion for reconsideration should not be granted, absent highly unusual circumstances,
6  unless the district court is presented with newly discovered evidence, committed clear error, or if
7  there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
8  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and
9  "[a] party seeking reconsideration must show more than a disagreement with the Court's decision,
10 and recapitulation . . . " of that which was already considered by the Court in rendering its decision,"
11 U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

12 Plaintiff argues that two of Plaintiff's prior cases which the Court counted as "strikes" under
13 28 U.S.C. 1915(g) do not qualify as "strikes."  With respect to case 1:94-cv-5022-OWW-DLB-PC;
14 Hamilton v. Schwengerdt, Plaintiff argues that the case was not properly decided.  With respect to
15 case 2:02-cv-0635-WBS-PAN-PC; Hamilton v. Ehle, Plaintiff argues that he filed a petition for a
16 writ of mandamus, and the dismissal of a petition for a writ of mandamus does not count as a
17 "strike" under the "three strikes" provision of 28 U.S.C. 1915(g).  Plaintiff arguments are without
18 merit.  Hamilton v. Schwengerdt was dismissed for failure to state a claim, and that is all Section
19 1915(g) requires.   While Hamilton v. Ehle may have been a writ of mandamus, Plaintiff himself
20 admits this case concerned a request that Internal Affairs investigate a pattern of alleged U.S. mail
21 theft at Plaintiff's prison.  Whether a mandamus petition can count as a strike depends on the nature
22 of the relief sought; but if the prisoner's mandamus claim is analogous to the typical suits brought
23 under 42 U.S.C. § 1983 concerning prison conditions, such a petition can count as a strike.  See
24 Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005) (relying on In re Nagy, 89 F.3d 115, 117 (2nd
25 Cir.1996)).  As Hamilton v. Ehle was analogous to a typical suit brought under 42 U.S.C. § 1983
26 complaining about prison conditions, the court properly found it was a strike.

27 Plaintiff also argues that he was entitled to a Rand-type notice affording him the opportunity
28 to submit an opposition before this case was dismissed.  There was no requirement for a Rand-type

notice before Plaintiff's case was dismissed. <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1995).

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on February 21, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   April 25, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE